# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FIFTH THIRD BANK | ) |
| | ) **JUDGE GAUGHAN** |
| *Plaintiff*, | ) |
| | ) **MAGISTRATE McHARGH** |
| v. | ) |
| | ) |
| JOHN C. GENTILE, | ) **CASE NO. 08-0052** |
| | ) |
| and | ) |
| | ) **FIRST AMENDED COMPLAINT** |
| GENTILE PONDEROSA, LLC | ) |
| | ) |
| and | ) |
| | ) **JURY DEMAND** |
| GENTILE EUCLID, LLC | ) **ENDORSED HEREON** |
| 12525 E. Doubletree Ranch Road | ) |
| Scottsdale, AZ 85259-6120 | ) |
| | ) |
| *Defendants.* | ) |

NOW COMES plaintiff Fifth Third Bank ("Plaintiff" or "Fifth Third"), by and through its attorneys, Frantz Ward LLP, and for its First Amended Complaint against defendants John C. Gentile, Gentile Ponderosa, LLC and Gentile Euclid, LLC, alleges, states and avers as follows:

## NATURE OF THE ACTION

1. This is an action for breach of a guaranty agreement and for fraudulent transfers under Arizona Revised Statutes § 44-1001 *et seq.* and Ohio Revised Code § 1336.01 *et seq.* Defendant John C. Gentile owes Fifth Third over $700,000.00 pursuant to an unconditional and continuing guaranty. To date, Mr. Gentile has refused to pay this amount. Instead, he has fraudulently transferred assets to avoid paying Fifth Third.

**PARTIES AND JURISDICTION**

2. Fifth Third Bank ("Fifth Third") is an Ohio banking corporation with its principal place of business located at 1404 East Ninth Street, Cleveland, Ohio 44114.

3. John C. Gentile ("Gentile") is a natural person residing at 12525 E. Doubletree Ranch Road, Scottsdale, Arizona.

4. Gentile Ponderosa, LLC is an Arizona limited liability company with its principal place of business at 12525 E. Doubletree Ranch Road, Scottsdale, Arizona.

5. Gentile Euclid, LLC is an Arizona limited liability company with its principal place of business at 12525 E. Doubletree Ranch Road, Scottsdale, Arizona.

6. This Court has jurisdiction over the subject matter based upon diversity of citizenship under 28 U.S.C. § 1332.  The parties are citizens of different states, and the amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to Fifth Third's claims occurred in this District.

**FACTUAL ALLEGATIONS**

8. On or about February 28, 2003, 5725 Canal, LLC ("5725"), an Ohio limited liability company, entered into a Promissory Note with Fifth Third for a loan in the original principal amount of One Million Three Hundred Thousand Dollars ($1,300,000.00) (the "Note") for real property located at 5725 Canal Road, Valley View, Ohio 44125 (the "Property").  Concurrently with the Note, 5725 and Fifth Third entered into a Loan Agreement and an Open-Ended Mortgage securing the debt evidenced by the Note (The Note, Loan Agreement and Open-Ended Mortgage and all related documents are collectively referred to as the "Loan Documents").

9. On or about February 28, 2003, Gentile entered into an unconditional and continuing guaranty (the "Guaranty Agreement") to induce Fifth Third to extend credit and provide financing to 5725. A true and accurate copy of the Guaranty Agreement is attached hereto as Exhibit A.

10. Under the terms of the Guaranty Agreement, Gentile absolutely and unconditionally guaranteed payment of all amounts due under the Loan Documents, including without limitation, the outstanding principal balance of the indebtedness evidenced by the Note, together with all accrued but unpaid interest thereon and all late fees, costs, expenses, and fees, including but not limited to, reasonable attorney's fees.

11. 5725 is now in default of its obligations to Fifth Third. On January 3, 2006, the Cuyahoga County Court of Common Pleas (the "Common Pleas Court") entered judgment against 5725 and in favor of Fifth Third, such that all amounts are due and owing with respect to the Loan Documents, with indebtedness owing in the amount of $1,278,600.26 plus interest from December 8, 2005 at the default rate of 12% per annum, plus late charges and other fees including, but not limited to, reasonable attorney's fees, costs, and expenses of this action. A copy of the Judgment is attached as Exhibit B.

12. On February 8, 2007 the Common Pleas Court entered an order authorizing the sale of the Property free and clear of liens, claims, encumbrances, and other interests and granting other related relief to Fifth Third (the "Sale Order"). Pursuant to the Sale Order, a deficiency remains with respect to the Judgment in favor of Fifth Third.

3

13. On May 17, 2007, Fifth Third sent Gentile a demand for payment pursuant to the Guaranty Agreement via electronic mail, facsimile, U.S. Mail and overnight mail.

14. On May 31, 2007, Gentile executed a Special Warranty Deed transferring his ownership interest in the real property located at 12525 East Doubletree Ranch Road, Scottsdale, Arizona 85259 (the "Arizona Property") to an entity named Gentile Ponderosa, LLC ("Ponderosa").  According to the Arizona Corporation Commission, Ponderosa's sole members are defendant Gentile, his wife Marcia L. Gentile and an entity named Gentile Asset Management LP.  On information and belief, the value of the Arizona Property exceeds $75,000.

15. On May 31, 2007, Gentile executed a Special Warranty Deed transferring his ownership interest in the real property located at 19000 Locherie Avenue, Euclid, Ohio 44119 (the "Ohio Property") to an entity named Gentile Euclid, LLC ("Euclid").  According to the Arizona Corporation Commission, Euclid's sole members are defendant Gentile, his wife Marcia L. Gentile and Gentile Asset Management LP.  On information and belief the value of the Ohio Property exceeds $75,000.

16. On November 8, 2007, the Common Pleas Court entered an order determining the deficiency remaining with respect to the Judgment in favor of Fifth Third was $709,825.65, plus interest from November 1, 2007 at 12% per annum, plus late charges, fees, costs, and expenses and costs of this action (the "Deficiency Order").  A copy of the Deficiency Order is attached as Exhibit C.

## COUNT I – BREACH OF GUARANTY AGREEMENT

17. Fifth Third incorporates paragraphs 1 through 16 as though fully rewritten herein.

4

18. Gentile has failed and refused to pay the amount due under the Guaranty Agreement as the same became due.

19. The failure of Gentile to pay the amount due under the Guaranty Agreement constitutes a breach of the Guaranty Agreement.

20. Fifth Third has satisfied all conditions precedent required to collect on the Guaranty.

21. Gentile owes Fifth Third $709,825.65 on the Guaranty Agreement, plus interest from November 1, 2007 at 12% per annum, plus late charges and other fees including, but not limited to, reasonable attorney's fees, costs, and expenses of this action in an amount to be established more particularly at trial.

## COUNT II – FRAUDULENT TRANSFER (A.R.S. § 44-1004(A)(1))

22. Fifth Third incorporates paragraphs 1 through 21 as though fully rewritten herein.

23. Fifth Third is a "creditor" with a "claim" against Gentile, and Gentile is a "debtor" within the meaning of A.R.S. § 44-1001 *et seq.*

24. Fifth Third's claim arose before Gentile transferred the Arizona Property to Ponderosa.

25. Gentile transferred the Arizona Property to Ponderosa with the actual intent to hinder, delay or defraud Fifth Third.

26. In support of its claim that Gentile transferred the Arizona Property with actual intent to defraud his creditors, Fifth Third notes that the transfer exhibits the indicia of actual intent to defraud set forth in A.R.S. § 44-1004(B), including, but not limited to, the following: (i) Gentile has retained substantial control over the Arizona

5

Property; (ii) the Arizona Property was transferred to an insider; (iii) the transfer came shortly before the creditor instituted collection procedures on the Judgment; (iv) Gentile was insolvent at the time of the transfer; and (v) the transfer occurred less than two weeks after Fifth Third demanded payment on the Guaranty Agreement.

### COUNT III – FRAUDULENT TRANSFER (A.R.S. § 44-1004(A)(2))

27. Fifth Third incorporates paragraphs 1 through 26 as though fully rewritten herein.

28. Fifth Third is a "creditor" with a "claim" against Gentile, and Gentile is a "debtor" within the meaning of A.R.S. § 44-1001 *et seq.*

29. Fifth Third's claim arose before Gentile transferred the Arizona Property to Ponderosa.

30. Gentile did not receive reasonably equivalent value in exchange for the transfer of the Arizona Property to Ponderosa.

31. When Gentile transferred the Arizona Property to Ponderosa, Gentile was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

32. When Gentile transferred the Arizona Property to Ponderosa, Gentile intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

### COUNT IV – FRAUDULENT TRANSFER (A.R.S. § 44-1005)

33. Fifth Third incorporates paragraphs 1 through 32 as though fully rewritten herein.

6

34. Fifth Third is a "creditor" with a "claim" against Gentile, and Gentile is a "debtor" within the meaning of A.R.S. § 44-1001 *et seq.*

35. Fifth Third's claim arose before Gentile transferred the Arizona Property to Ponderosa.

36. Gentile was insolvent at the time of or became insolvent as a result of his transfer of the Arizona Property to Ponderosa.

37. Gentile did not receive reasonably equivalent value in exchange for the transfer of the Arizona Property to Ponderosa.

### **COUNT V – FRAUDULENT TRANSFER (O.R.C. § 1336.04(A)(1))**

38. Fifth Third incorporates paragraphs 1 through 37 as though fully rewritten herein.

39. Fifth Third is a "creditor" with a "claim" against Gentile, and Gentile is a "debtor" within the meaning of O.R.C. § 1336.01 *et seq.*

40. Fifth Third's claim arose before Gentile transferred the Ohio Property to Euclid.

41. Gentile transferred the Ohio Property to Euclid with the actual intent to hinder, delay or defraud Fifth Third.

42. In support of its claim that Gentile transferred the Ohio Property with actual intent to defraud his creditors, Fifth Third notes that the transfer exhibits the indicia of actual intent to defraud set forth in O.R.C. § 1336.04(B), including, but not limited to, the following: (i) Gentile has retained substantial control over the Ohio Property; (ii) the Ohio Property was transferred to an insider; (iii) the transfer came shortly before the creditor instituted collection procedures on the Judgment; (iv) Gentile

7

was insolvent at the time of the transfer; and (v) the transfer occurred less than two weeks after Fifth Third demanded payment on the Guaranty Agreement.

### COUNT VI – FRAUDULENT TRANSFER (O.R.C. § 1336.04(A)(2))

43. Fifth Third incorporates paragraphs 1 through 42 as though fully rewritten herein.

44. Fifth Third is a "creditor" with a "claim" against Gentile, and Gentile is a "debtor" within the meaning of O.R.C. § 1336.01 *et seq.*

45. Fifth Third's claim arose before Gentile transferred the Ohio Property to Euclid.

46. Gentile did not receive reasonably equivalent value in exchange for the transfer of the Ohio Property to Euclid.

47. When Gentile transferred the Ohio Property to Euclid, Gentile was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

48. When Gentile transferred the Ohio Property to Euclid, Gentile intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

### COUNT VII – FRAUDULENT TRANSFER (O.R.C. § 1336.05(A))

49. Fifth Third incorporates paragraphs 1 through 48 as though fully rewritten herein.

50. Fifth Third is a "creditor" with a "claim" against Gentile, and Gentile is a "debtor" within the meaning of O.R.C. § 1336.01 *et seq.*

51. Fifth Third's claim arose before Gentile transferred the Ohio Property to Euclid.

52. Gentile was insolvent at the time of or became insolvent as a result of his transfer of the Ohio Property to Euclid.

53. Gentile did not receive reasonably equivalent value in exchange for the transfer of the Ohio Property to Euclid.

### **COUNT VIII – FRAUDULENT TRANSFER (O.R.C. § 1336.05(B))**

54. Fifth Third incorporates paragraphs 1 through 53 as though fully rewritten herein.

55. Fifth Third is a "creditor" with a "claim" against Gentile, and Gentile is a "debtor" within the meaning of O.R.C. § 1336.01 *et seq.*

56. Euclid is an "insider" within the meaning of O.R.C. §1336.01 *et seq*.

57. Fifth Third's claim arose before Gentile transferred the Ohio Property to Euclid.

58. Gentile transferred the Ohio Property to Euclid on account of an antecedent debt.

59. Gentile was insolvent at the time of his transfer of the Ohio Property to Euclid.

60. Euclid had reasonable cause to believe that Gentile was insolvent.

### **RELIEF REQUESTED**

WHEREFORE, Fifth Third respectfully requests that this Court enter judgment in its favor as follows:

9

    (a)    On Count I, for judgment against Gentile on the Guaranty Agreement in the amount of $709,825.65 on the Guaranty Agreement, plus interest from November 1, 2007 at 12% per annum, plus late charges and other fees including, but not limited to, reasonable attorney's fees, costs, and expenses of this action in an amount to be established more particularly at trial;

    (b)    On Counts II - IV, for judgment against defendant Ponderosa voiding the fraudulent transfer of the Arizona Property to it by defendant Gentile;

    (c)    On Counts V - VIII, for judgment against defendant Euclid voiding the fraudulent transfer of the Ohio Property to it by defendant Gentile;

    (d)    For such interest as is allowed by law; and

    (e)    For such other and further relief as this Court finds just and equitable.

## **JURY DEMAND**

Fifth Third, by and through its attorneys, Frantz Ward LLP, hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

/s/ Timothy J. Richards
Mark L. Rodio (0065134)
mrodio@frantzward.com
Matthew H. Matheney (0069974)
mmatheney@frantzward.com
Timothy J. Richards (0078198)
trichards@frantzward.com
FRANTZ WARD LLP
2500 Key Center, 127 Public Square
Cleveland, OH 44114-1230
(216) 515-1640
Fax (216) 515-1650
*Attorneys for Plaintiff Fifth Third Bank*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of February 2008 a copy of the foregoing was filed electronically.  Notice of this filing will be sent to Jonathon Yarger, counsel for defendant Gentile Ponderosa, LLC, via the Court's electronic filing system.  I further certify that a copy of the foregoing was served by regular U.S. mail this 29th day of February 2008 upon the following:

John C. Gentile
12525 E. Doubletree Ranch Road
Scottsdale, AZ  85259-6120


                /s/ Timothy J. Richards
                *One of the Attorneys for Plaintiff*
                *Fifth Third Bank*