UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FIFTH THIRD BANK,** | ) | **CASE NO. 08 CV 52** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN C. GENTILE,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon plaintiff's Motion for Preliminary Injunction (Doc. 54). This case arises out of a loan guaranty agreement entered into between John C. Gentile and Fifth Third Bank. For the reasons that follow, plaintiff's Motion for Preliminary Injunction is GRANTED.

### FACTS

The facts are taken from plaintiff's Second Amended Complaint and the evidence submitted in support of plaintiff's motion. Only those facts relevant to resolution of the present motion are presented.

Plaintiff Fifth Third Bank brings this action against defendants John C. Gentile, Gentile Ponderosa, LLC, Gentile Euclid, LLC, Gentile Asset Management, LP, the Gentile Family Trust, the Gentile Dynasty Trust, Marcia L. Gentile, Marc A. Gentile, Leslie A. Gentile and Danielle A. Gentile.[1]

Plaintiff Fifth Third Bank ("Fifth Third") is an Ohio banking corporation. Defendants John C. Gentile ("Gentile"), Marcia L. Gentile ("Mrs. Gentile" or "Gentile's wife"), Marc A. Gentile, Leslie A. Gentile and Danielle A. Gentile are natural persons residing in Arizona. Gentile Ponderosa, LLC ("Ponderosa") and Gentile Euclid, LLC ("Euclid") are each Arizona limited liability companies with their principal place of business in Arizona. Gentile Asset Management, LP ("Asset Management") is an Arizona limited partnership. Asset Management and the Gentile Family Trust (the "Family Trust") are the members of defendant Ponderosa. Asset Management and the Gentile Dynasty Trust (the "Dynasty Trust") are the members of defendant Euclid. The Family Trust and the Dynasty Trust are the partners of Asset Management; the Family Trust is the general partner. Gentile and his wife are the trustees of the Family Trust. Leslie A. Gentile is the trustee of the Dynasty Trust. Mark, Leslie and Danielle Gentile are beneficiaries of the Family Trust and the Dynasty Trust.

In 2003, Fifth Third entered into a loan agreement with an entity named 5725 Canal, LLC ("Canal"). Gentile together with another entity guaranteed the loan. The guarantors "jointly and severally, and absolutely and unconditionally, guarant[eed] payment and

---

[1] Defendants Gentile Asset Management, LP, the Gentile Family Trust, the Gentile Dynasty Trust, Marcia L. Gentile, Marc A. Gentile, Leslie A. Gentile and Danielle A. Gentile were added via plaintiff's Second Amended Complaint (Doc. 51).

2

performance, as and when due, of the Guaranteed Obligations." These Guaranteed Obligations are defined in the Guaranty to include all indebtedness and other liabilities of Canal to Fifth Third including the 2003 loan. The Guaranty further states it is "irrevocable, absolute, continuing and unconditional."

In connection with the Guaranty, Fifth Third required that Gentile provide a statement of his assets. Gentile listed, among other assets, "Oppenheimer NYC" and valued the asset at $325,000.

Canal defaulted on its obligations to Fifth Third and Fifth Third consequently brought suit against Canal in the Cuyahoga County Court of Common Pleas to collect on the loan. Fifth Third obtained a judgment and the state court ordered a sale of Canal's property securing the loan. After the sale, a deficiency remained. Fifth Third attempted to collect this deficiency from Gentile as Guarantor via demand letter sent May 17, 2007. On November 7, 2007, Fifth Third obtained an order from the Court of Common Pleas determining the deficiency remaining with respect to the judgment entered against Canal to be $709,825.65 plus interest from November 1, 2007 at 12% per annum plus late charges, fees, costs and expenses of the state court action. On January 8, 2008, plaintiff Fifth Third instituted the current action.

Since Fifth Third began its attempts to recover on the Guaranty, Gentile has formed several entities and trusts (now joined as defendants) and transferred his property and assets to them. The asset relevant to the present motion is the Oppenheimer NYC asset. In May 2007, Gentile transferred his ownership interest in two Oppenheimer investment accounts (the "Investment Accounts") to Asset Management.

3

Plaintiff's Second Amended Complaint alleges breach of the Guaranty Agreement by Gentile and multiple counts of fraudulent transfer by Gentile, Ponderosa, Euclid, the Family Trust, the Dynasty Trust, and Asset Management.

Plaintiff now moves for a preliminary injunction to prevent Gentile, as trustee of the Family Trust, from transferring the Investment Accounts held by Asset Management pending resolution of this action. Gentile does not oppose the motion and neither the Family Trust nor Asset Management have lodged an opposition, either. However, defendants Ponderosa and Euclid, while admitting that they do not have a stake in the outcome of the motion, *see* Opp. at n.1 (Doc. 61), do file an opposition thereto.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. "When considering a motion for a preliminary injunction, the district court should consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998); *see also Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999).

These four considerations are factors to be balanced, not prerequisites that must be met. *E.g., McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). Not all of the factors need be fully established for an injunction to be proper. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). However, a district

court must make specific findings concerning each of these factors, unless fewer factors are dispositive of the issue. *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). And, while none of the factors are given controlling weight, a preliminary injunction shall not issue where there is no likelihood of success on the merits. *Michigan State AFL-CIO*, 103 F.3d at 1249.

## **DISCUSSION**

As stated above, the motion for preliminary injunction is opposed by Ponderosa and Euclid (hereinafter, "defendants"). Defendants argue that a preliminary injunction is not the proper vehicle to secure the relief sought by plaintiff. Instead, defendants argue that plaintiff must seek a prejudgment attachment pursuant to Federal Rule of Civil Procedure 64 and Ohio's prejudgment attachment statute. The prejudgment attachment statute provides that "an attachment against the property, other than personal earnings, of a defendant may be accomplished prior to the entry of judgment only pursuant to an attachment proceeding under this chapter." Ohio Rev. Code § 2715.01(D). The statute then provides procedural safeguards to ensure the requirements of due process are met before any such property is attached. *See, e.g., id.* at § 2715.03 (setting forth the requirements for the affidavit plaintiff must submit in support of his motion for attachment); § 2715.042 (rules for issuing attachment without a hearing).

A. *The Court's Power to Issue a Preliminary Injunction*

A preliminary injunction is an equitable remedy. *EBSCO Indus., Inc. v. Lilly*, 840 F.2d 333, 334-35 (6th Cir. 1988). As such, it is only available in cases in which the permanent relief sought is equitable as well. *Grupo Mexicano De Desarrollo v. Alliance*

5

*Bond Fund*, 527 U.S. 308 (1999).  In an action for money damages in which no lien or equitable interest is claimed, district courts do not have the power to issue a preliminary injunction preventing a defendant from transferring its assets pending the outcome of the litigation.  *Id.* at 310 (plaintiff alleged only breach of contract; court had no power to prevent insolvent defendant from transferring its only asset to another creditor).  A preliminary injunction seeks to enjoin conduct that is unlawful.  *Id.* at 315.  It cannot render unlawful conduct that would otherwise be permissible simply to protect the anticipated judgment of the court.  *Id.*

However, when a plaintiff seeks equitable relief, a preliminary injunction is an appropriate tool to preserve the status quo pending litigation.  *Deckert v. Independence Shares Corp.*, 311 U.S. 282 (1940) (plaintiffs, purchasers of securities, brought a suit in equity to rescind a fraudulent sale, secure restitution of consideration paid and for appointment of receiver; plaintiffs were permitted to obtain an order enjoining a third party holder of defendant's assets from dissipating those assets pending resolution of suit; legal remedy at conclusion of suit would be inadequate given defendant's insolvency); *see also De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) ("a preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally").  The *Grupo* court examined the *Deckert* opinion and did not disturb its continuing validity.  Instead, the *Grupo* court distinguished it on the ground that equitable relief was sought in *Deckert* in the form of restitution and rescission, not merely money damages.

The Court finds that it has the power to issue a preliminary injunction in the present

6

case. Plaintiff here has asserted claims in equity. Plaintiff alleges that the transfers of Gentile's property to the recently-created entities and trusts were fraudulent. Thus, *Grupo* does not apply. The Court also declines defendants' invitation to extend the holding of *Grupo* to the facts presented here. While the Sixth Circuit has not yet had occasion to consider application of *Grupo* to a case in which a preliminary injunction is sought to freeze assets in a suit asserting claims in equity, many of the other circuit courts have. In *United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489 (4th Cir. 1999), plaintiff alleged that defendant had defrauded Medicare and thereafter engaged in multiple complex reorganizations and transfers of assets in an attempt to avoid liability. Plaintiff sought breach of contract damages as well as equitable relief, including avoidance of the fraudulent transfers and imposition of a constructive trust. The district court entered a preliminary injunction preventing defendant from entering into any further mergers or reorganizations and from selling or transferring assets outside the ordinary course of business.

> The Fourth Circuit affirmed the grant of the preliminary injunction holding that:
>
>> when the plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the status quo pending judgment where the legal remedy might prove inadequate and the preliminary relief furthers the court's ability to grant the final relief requested. This nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit is essential to the authority of a district court in equity to enter a preliminary injunction freezing assets.

*Rahman*, 198 F.3d at 496-97. In so holding, the *Rahman* court recognized that the claims seeking to set aside the fraudulent transfers as well as claims for unjust enrichment and imposition of a constructive trust were equitable in nature. *Id.* at 498. The court concluded

7

that a preliminary injunction was "a reasonable measure to preserve the status quo" because "to be able to void fraudulent transfers of assets ... requires that those assets be preserved." *Id.* The Court finds the reasoning of the *Rahman* opinion persuasive.

Other circuit courts that have considered the question are in agreement as well. *Animale Group v. Sunny's Perfume, Inc.*, 256 Fed. Appx. 707, 709 (5th Cir. Dec. 5, 2007) (plaintiff sought an accounting; asset-freezing preliminary injunction permitted); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (plaintiff sought accounting and constructive trust on illegal profits); *Kennedy Bldg. Assocs. v. CBS Corp.*, 476 F.3d 530, 535 (8th Cir. 2007) (plaintiff sought permanent injunction under environmental statutes for remediation of contaminated lands; district court had power to grant preliminary injunction requiring defendant to post a performance bond to secure performance of obligations); *Rubin v. Pringle* (*In re Focus Media Inc.*), 387 F.3d 1077, 1085 (9th Cir. 2004) (plaintiff alleged fraudulent conveyance and sought constructive trust; "we hold that where, as here, a party in an adversary bankruptcy proceeding alleges fraudulent conveyance or other equitable causes of action, *Grupo Mexicano* does not bar the issuance of a preliminary injunction freezing assets"); *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir. 2005) (plaintiff sought equitable disgorgement; inclusion of claim for damages does not render the remedies sought "wholly legal").[2]

---

[2]

Defendants argue that *EBSCO Indus., Inc. v. Lilly*, 840 F.2d 333 (6th Cir. 1988), also precludes the Court from entering an injunction. The question before the *EBSCO* court was "whether the District Court may use its injunctive powers under Rule 65 instead of its attachment authority under Rule 64 in order to preserve assets prior to trial or judgment, and if so, under what circumstances?" The Sixth Circuit concluded that "a preliminary injunction may not be granted unless

The Court now turns to the merits of plaintiff's motion.

*B.     Plaintiff's Motion for a Preliminary Injunction*

Defendants do not offer any opposition to the motion on the merits.  The Court finds that the preliminary injunction should be granted for the reasons set forth in plaintiff's motion.  Plaintiff has established that it has a strong likelihood of success in this case.  Canal defaulted on its loan obligations to Fifth Third.  Gentile unconditionally guaranteed that loan.  Fifth Third has obtained a judgment against Canal and a deficiency remains.  Plaintiff has also established that it will suffer irreparable harm absent a preliminary injunction.  Gentile has transferred most of his assets and property to various entities and trusts.  Irreparable harm will result if Gentile is not prevented from transferring the Investment Accounts held by Asset Management.  Finally, the injunction will not cause substantial harm to others and the public interest will be served by its issuance.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Preliminary Injunction is GRANTED.

---

there are valid findings that the legal remedy provided by the state's attachment statutes under Rule 64 is inadequate." Because *EBSCO* was issued more than a decade before *Grupo*, the Court finds that it is no longer controlling law.  To the extent *EBSCO* was not superceded by *Grupo*, it actually supports the Court's conclusion.  The *EBSCO* court affirmed the grant of the asset-freezing preliminary injunction where defendant was charged with fraud in connection with sale of a business and had, among other things, attempted to conceal his assets pending resolution of the litigation.

IT IS SO ORDERED.


                                       /s/ Patricia A. Gaughan  
                                       PATRICIA A. GAUGHAN  
                                       United States District Judge

Dated: 10/10/08