**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FIFTH THIRD BANK,** | ) | **CASE NO. 08 CV 52** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN C. GENTILE,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendants' Motion for Protective Order and Motion to Quash or Modify Subpoenas *Duces Tecum* (Doc. 86).[1] This case arises out of a guaranty entered into between plaintiff and defendant John C. Gentile. For the reasons that follow, the motion is GRANTED in PART.

---

1

Several other discovery motions are currently pending: plaintiff's Motion to Compel (Doc. 93), plaintiff's Motion for Protective Order (Doc. 95) and plaintiff's Motion for Sanctions (Doc. #99). None of these motions is ripe.

**FACTS**

Plaintiff Fifth Third Bank brings this action against defendants John C. Gentile ("Gentile"), Gentile Ponderosa, LLC, Gentile Euclid, LLC, Gentile Asset Management, LP, the Gentile Family Trust, the Gentile Dynasty Trust, Marcia L. Gentile, Marc A. Gentile, Leslie A. Gentile and Danielle A. Gentile.  The current discovery motion is brought by all defendants except John C. Gentile (the "Non-Guarantor Defendants" or, for purposes of this Opinion, the "defendants").  The Non-Guarantor Defendants move for a protective order or to modify or quash subpoenas issued to third parties.  Plaintiff opposes the motion.

In 2003, one of Gentile's companies entered into a loan agreement with plaintiff.  The loan provided funds to purchase real property.  Gentile executed a guaranty for the benefit of plaintiff unconditionally guarantying payment on the loan.  The company defaulted and plaintiff obtained a state court judgment against it on January 3, 2006.  The property was sold for less than the judgment amount, so plaintiff sought recovery from Gentile.  He refused to make good on his guaranty.  Thereafter, plaintiff obtained a deficiency judgment on November 7, 2007, in the amount of  $709,825.65 plus interest from November 1, 2007 at 12% per annum plus late charges, fees, costs and expenses of the state court action.  On January 8, 2008, plaintiff Fifth Third instituted the current action.

Plaintiff's Second Amended Complaint alleges, among other things, that Gentile fraudulently transferred his assets in an attempt to avoid liability on the guaranty.  In the course of discovery, plaintiff issued subpoenas *duces tecum* to the following non-parties: AmTrust Bank, OppenheimerFunds Distributor, Inc., the Ohio Bureau of Motor Vehicles, the Ohio Department of Taxation, the Cuyahoga County Board of Election, Valley National Asset

Management, LLC, Lori Koval, Neil Tramer and Durfee & Phelps, PLLC.  Through these discovery requests, plaintiff hopes to elicit evidence in support of its fraudulent transfer claims.  Defendants argue that their property is subject to Arizona law.  They contend that only the transfer of Gentile's separate property can be fraudulent.  They argue that all of the transferred property was Marcia Gentile's separate property.  Plaintiff, accordingly, seeks to discover which assets belong or belonged to Marcia Gentile and whether those assets were commingled so as to become community property or the property of defendant Gentile.  Plaintiff also seeks to discover whether the Gentiles are in fact Arizona residents such that Arizona law does apply.  Fact discovery closed on November 1, 2008.  The discovery requests fall into several categories.  Only those requests that have been objected to are reproduced below.[2]

**A.  The Financial Document Requests.**

The following requests were sent to AmTrust Bank and OppenheimerFunds:

1.  "Monthly statements, or a monthly account history, from the date of opening to present for each [Investment Account]."

2.  "All documents identifying the source of any asset deposited in any of the Investment Accounts."

**B.  The Residency Requests.**

Documents relating to the residency of the Gentiles were requested from several entities:

---

[2]
> Of course, to the extent the subpoenas were not objected to, they must be responded to in full.

3

*From the Ohio Bureau of Motor Vehicles:*

3. "Any documents demonstrating whether [Automobile #1] was registered with the State of Ohio for the years 2002 to present."

4. "A copy of the registration for [Automobile #1] or any document demonstrating the owner and the address of the owner of this automobile."

5. "Any documents demonstrating whether [Automobile #2] was registered with the State of Ohio for the years 2002 to present."

6. "A copy of the registration for [Automobile #2] or any document demonstrating the owner and the address of the owner of this automobile."

*From the Ohio Department of Taxation:*

1. "Any and all state tax returns filed by or on behalf of Marcia L. Gentile ... for the years 2002 to present, including all attachments, W-2 forms and other forms and schedules."

*From the Cuyahoga County Board of Elections:*

1. "Any documents demonstrating whether Marcia L. Gentile ... was registered to vote in Cuyahoga County, Ohio for the years 2002 to present."

2. "Any documents demonstrating whether Marcia L. Gentile ... voted in a state or local election in Ohio for the years 2002 to present."

**C. The Home Mortgage Document Requests.**

The following requests were made of Park View Federal Savings Bank.

1. "All documents relating to the promissory note executed by the Gentiles on or about August 21, 2003 stating that the Gentiles owe Park View [amount of loan redacted] plus interest (the "Ohio Note")."

4

2. "All documents relating to the mortgage executed by the Gentiles on or about August 21, 2003 securing payment on the Ohio Note."

3. "All documents relating to the Gentiles' purpose for and use of the [money] borrowed under the Ohio Note from Park View."

4. "All documents relating to where the [money] borrowed from Park View under the Ohio Note was deposited."

5. "All documents relating to the Home Equity Line of Credit Agreement executed by the Gentiles on or about August 21, 2003 stating that the Gentiles may borrow an additional [amount] from Park View (the "Ohio HELOC")."

6. "All documents relating to the open-end mortgage deed executed by the Gentiles on or about August 21, 2003 securing payment on the Ohio HELOC."

19. "All documents relating to where the [money] borrowed from Park View under the Arizona Note was deposited."

20. "All documents relating to where the [money] borrowed from Park View under the Arizona HELOC was deposited."

**D.    The Trust Formation and Funding Document Requests.**

Plaintiff seeks documents relating to the formation and funding of various trusts from four entities: Valley National Asset Management, LLC, Lori Koval, Neil Tramer and Durfee & Phelps, PLLC. The requests are as follows:

4. "All documents relating to the formation of the Trust Agreement of John C. Gentile dated October 23, 1997."

5. "All documents relating to the formation of the Trust Agreement of Marcia L.

5

Gentile dated October 23, 1997."

      6.  "A copy of the Trust Agreement of John C. Gentile dated October 23, 1997."

      7.  "A copy of the Trust Agreement of Marcia L. Gentile dated October 23, 1997."

      8.  "All documents relating to the transfer of assets from the Trust Agreement of John C. Gentile dated October 23, 1997 to The Gentile Family Trust."

      9.  "All documents relating to the transfer of assets from the Trust Agreement of Marcia L. Gentile dated October 23, 1997 to The Gentile Family Trust."

      10.  "All documents relating to the conversion or renaming of the Trust Agreement of John C. Gentile dated October 23, 1997 to The Gentile Family Trust."

      11.  "All documents relating to the conversion or renaming of the Trust Agreement of Marcia L. Gentile dated October 23, 1997 to The Gentile Family Trust."

      12.  "Monthly statements, or a monthly account history, from the date of opening to present for each of the [Investment Accounts]."

      13.  "All documents identifying the source of any funds or assets deposited in any of the Investment Accounts."

      15.  "All documents relating to the past and accrued employee benefits identified as Item No. 3 in the Schedule of Assets for The Gentile Family Trust."

      16.  "All documents identifying the source of the past and accrued employee benefits identified as Item No. 3 in the Schedule of Assets for The Gentile Family Trust."

      17.  "All documents identifying any individual's ownership interest, either past or present, in the past and accrued employee benefits identified as Item No. 3 in the Schedule of Assets for The Gentile Family Trust."

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 45 provides that "on timely motion, the issuing court must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). Rule 26(c) provides in relevant part that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..." Fed. R. Civ. P. 26(c).

**DISCUSSION**

While defendants "acknowledge that, upon a proper request, Plaintiff is entitled to certain personal and confidential financial documentation to [determine what assets might belong to Gentile]", they state that the subpoena requests are nonetheless overly broad and are not reasonably calculated to lead to the discovery of admissible evidence.[3] Defendants argue that plaintiff should have to "provide some authority as to how Marcia L. Gentile's *separate* property or the *community* property of Marcia L. Gentile and Defendant Guarantor are subject to Plaintiff's claims." Plaintiff maintains that the burden remains on defendants to establish the viability of this defense to the fraudulent transfer claims and, until defendants do so, plaintiff is free to take discovery on any and all matters that are relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.

Both sides are correct. Plaintiff is entitled to discovery on the topics sought.

---

[3] Defendants' concerns about the disclosure of confidential and privileged information appear to have been resolved by the parties. A privilege log will be produced and a confidentiality agreement may be entered into.

However, some of the requests are unduly burdensome.[4]

**A. The Financial Document Requests.** AmTrust Bank and OppenheimerFunds are hereby ordered to respond to request #2.  As to request #1, defendants argue that only transfers to and from Mr. Gentile and the Non-Guarantor Defendants are relevant to plaintiff's claims. However, plaintiff argues that if Marcia Gentile's funds were commingled with her husband's, then those funds are his and can be the subject of the fraudulent transfer claims. The Court agrees that plaintiff is entitled to sufficient discovery to determine if that commingling occurred.  However, the documents responsive to request #2 as well as those requests to which defendants did not object (#3 and #4) appear sufficient to provide plaintiff with the discovery they need.  The subpoenas to AmTrust Bank and OppenheimerFunds will be modified to the extent that these parties need not respond to Financial Document Request #1.

**B. The Residency Requests.** These requests are relevant to plaintiff's claims and defendants' defenses and are reasonably calculated to lead to the discovery of admissible evidence.  They will not be modified or quashed and no protective order will be issued with respect to these requests.  The Ohio Bureau of Motor Vehicles, Ohio Department of Taxation and Cuyahoga County Board of Elections must respond in full.

**C. The Home Mortgage Document Requests.** Park View Federal Savings Bank must

---

[4]
> Defendants also complain about the lack of temporal limits on the requests.  Plaintiff has agreed to limit all requests to the period beginning three months prior to Marcia Gentile's 1997 inheritance. Pl. Opp. at 3 (Doc. 96).  The Court finds this time frame a reasonable limit on the requests.  Plaintiff's concession is hereby incorporated into the requests.

respond to requests #3, 4, 19 and 20.  Requests #1, 2, 5 and 6 are unduly burdensome and not *reasonably* calculated to lead to the discovery of admissible evidence.

**D.**     **The Trust Formation and Funding Document Requests.**  Valley National Asset Management, LLC, Lori Koval, Neil Tramer and Durfee & Phelps, PLLC must respond to requests #6, 7, 8, 9, 10, 11, 13, 16 and 17.  Requests # 4, 5, 12 and 15 are unduly burdensome and not  reasonably calculated to lead to the discovery of admissible evidence.

### CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED in PART.  All documents ordered produced and any privilege log must be produced within ten (10) business days of entry of this Order.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/13/08