**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FIFTH THIRD BANK,** | ) | **CASE NO. 08 CV 52** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN C. GENTILE, *et al.*,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff's Motion to Compel and Motion for Sanctions Against Defendants Gentile Ponderosa, LLC and Gentile Euclid, LLC (the "Motion to Compel") (Doc. 93) and plaintiff's Motion for Sanctions Against Defendant John C. Gentile (the "Motion for Sanctions") (Doc. 99).[1] This case arises out of a guaranty entered into between plaintiff and defendant John C. Gentile. For the reasons that follow, the Motion to Compel is GRANTED. The Motion for Sanctions is unopposed and is GRANTED.

---

[1] Plaintiff's Motion for Protective Order (Doc. 95) is also pending. The motion is not yet ripe.

**FACTS**

Plaintiff Fifth Third Bank brings this action against defendants John C. Gentile ("Gentile"), Gentile Ponderosa, LLC ("Ponderosa"), Gentile Euclid, LLC ("Euclid"), Gentile Asset Management, LP, the Gentile Family Trust, the Gentile Dynasty Trust, Marcia L. Gentile, Marc A. Gentile, Leslie A. Gentile and Danielle A. Gentile.

Plaintiff's Second Amended Complaint alleges, among other things, that Gentile fraudulently transferred some of his assets to Ponderosa and Euclid in an attempt to avoid liability on the guaranty entered into between plaintiff and Gentile. Through discovery, plaintiff sought to elicit evidence in support of its fraudulent transfer claims.

Defendants' primary defense is that their property is subject to Arizona law. They contend that only the transfer of Gentile's property can be fraudulent. They argue that all of the transferred property was Marcia Gentile's separate property. Plaintiff, accordingly, seeks to discover which assets belong or belonged to Marcia Gentile and whether those assets were transmuted so as to become community property or the property of defendant Gentile.

Plaintiff now moves to compel production of certain financial documents from Ponderosa and Euclid related to this "separate property" defense. Plaintiff also seeks an award of costs and legal fees incurred in bringing the Motion to Compel. The Motion to Compel is opposed.

Plaintiff also moves for sanctions against Gentile for his failure to comply with the Court's September 10, 2008 Order compelling him to respond to certain discovery requests. As stated above, the Motion for Sanctions is unopposed.[2]

---

2

An opposition was due November 17, 2008. Ponderosa and Euclid

**A.  The Motion to Compel**

Plaintiff seeks to compel Ponderosa to supplement its answer to Interrogatory #16 and to produce all documents responsive to Requests for Production #3, 4, and 7 of plaintiff's second set of discovery requests.

Interrogatory #16:  "Identify the source of all assets deposited in [two AmTrust accounts and a Commonwealth Financial account used to make payments on each mortgage, lien or other encumbrance attached to the Arizona Property from April 1, 2004 to the present]."

Document Request #3:  "All cancelled checks, bank statements and other records reflecting payments made on the encumbrances [attached to the Arizona Property]."

Document Request #4:  "All monthly statements and other records for the accounts [used to make payments on each mortgage, lien or other encumbrance attached to the Arizona Property from April 1, 2004 to the present]."

Document Request #7:  "All documents reflecting the deposit of the assets [used to make payments on each mortgage, lien or other encumbrance attached to the Arizona Property from April 1, 2004 to the present]."

Plaintiff seeks to compel Euclid to produce all documents responsive to Request for Production #16 of plaintiff's first set of discovery requests.

---

purport to oppose the Motion for Sanctions in that they docketed their opposition to the Motion to Compel as an opposition to the Motion for Sanctions as well.  *See* docket entry for Doc. 100 (Brief in Opp.) (designating Doc. 99 as a "related document").  However, Ponderosa and Euclid do not have standing to challenge the Motion for Sanctions as it is directed to defendant Gentile.  Moreover, their opposition brief does not actually touch upon the merits of the Motion for Sanctions.

Document Request #16:  "All documents supporting your claim that the Ohio Property 'is not and has not ever been an asset of Defendant John Gentile.'"

Plaintiff concedes that request for production #7 to Ponderosa will be satisfied by the documents produced in response to the Court's November 13, 2008 Order (Doc. 103). Plaintiff also concedes that the documents sought via request for production #4 are not discoverable pursuant to the Court's earlier order.  Doc. 103.  Therefore, document request #3 and interrogatory #16 to Ponderosa as well as document request #16 to Euclid remain at issue.

Defendants state that they are not in possession of any information or documents responsive to these requests, that they do not control the subject accounts and that they have no business relationship with the institutions that control the accounts such that they have no legal right to obtain this information.  They further argue that plaintiff will obtain the information sought from the third parties to which it issued subpoenas.[3]

Plaintiff states that Mrs. Gentile controls Ponderosa and Euclid and, as such, has the ability to obtain the remaining documents that are sought.  Plaintiff further notes that defendants' position regarding lack of control over the discovery sought was discussed and rejected by the Court at the August 14, 2008 status conference.[4]  Plaintiff also points out that the document requests issued to third parties do not cover the mortgage accounts identified in

---

[3] The Court ordered these third parties to substantially comply with the subpoenas via an Order issued November 13, 2008 (Doc. 103).

[4] Defendants argued that they did not possess the documents.  The Court indicated that defendants are the ones who raised the separate property defense arguing that Mrs. Gentile owned the properties that were transferred.  If defendants wish to rely upon this defense, they are required to produce the documents that support it.

4

the requests to Ponderosa and Euclid.

Plaintiff's arguments are well-taken. The few documents that have been produced to date indicate that the Gentiles have transferred large sums of money from joint accounts or accounts held in Gentile's name alone to accounts bearing only Mrs. Gentile's name. The documents also demonstrate that Gentile's paycheck is deposited into an account in his wife's name. Plaintiff has sufficiently demonstrated that the discovery sought is proper. Ponderosa is hereby ordered to respond to document request #3 and interrogatory #16 within ten business days of entry of this Order. Euclid is likewise ordered to respond to document request #16 within ten business days of entry of this Order. Fees and costs will not be awarded.

**B. Motion for Sanctions**

Plaintiff sought various discovery from Gentile, including the following:

Document Request #17:  "Monthly statements for all accounts in which you have deposited assets from January 1, 2006 to the present."

Document Request #23:  "All books, financial records, or other documents relating to your income, assets, or liabilities from January 1, 2006 to the present."

Gentile failed to respond. Plaintiff moved to compel. Doc. 58. The motion was unopposed and granted. *See* September 10, 2008 Order. Gentile was ordered to respond in full by September 15. He failed to do so.

Plaintiff now seeks an Order:

(i) finding that Mr. Gentile was insolvent at the time of the transfers or that Mr. Gentile became insolvent as a result of the transfers;

5

(ii) finding that Mr. Gentile did not receive reasonably equivalent value in exchange for the assets involved in the transfers;

(iii) finding that at the time of the transfers, Mr. Gentile was engaged or about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to the transaction or business;

(iv) finding that at the time of the transfers, Mr. Gentile intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due;

(v) finding that the transfers were of substantially all of Mr. Gentile's assets;

(vi) finding that the transfers were made on account of an antecedent debt;

(vii) finding that Mr. Gentile removed or concealed assets;

(viii) prohibiting Mr. Gentile from supporting or entering evidence in support of the NGDs in any way, including but not limited to the NGDs' community property and separate property defenses; and

(ix) awarding Fifth Third its attorneys' fees and costs for filing this Motion.

Federal Rule of Civil Procedure 37 permits a court to order that certain facts be taken as established and that a party be precluded from supporting or opposing its claims or defenses or introducing evidence on those claims or defenses.  For the reasons stated in plaintiff's Motion for Sanctions, the relief requested is granted in full.

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Compel is GRANTED (Doc. 93). Plaintiff's Motion for Sanctions is GRANTED (Doc. 99).

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan  
                                          PATRICIA A. GAUGHAN  
                                          United States District Judge

Dated: 11/19/08