UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FIFTH THIRD BANK,** | ) | **CASE NO. 08 CV 52** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN C. GENTILE,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon plaintiff's Motion for Partial Summary Judgment (Doc. 97). This case arises out of a loan guaranty agreement entered into between John C. Gentile and Fifth Third Bank. For the reasons that follow, plaintiff's Motion for Partial Summary Judgment is GRANTED.

### FACTS

The facts are taken from plaintiff's Second Amended Complaint and the evidence submitted in support of plaintiff's motion. Only those facts relevant to resolution of the present motion are presented.

Plaintiff Fifth Third Bank brings this action against defendants John C. Gentile, Gentile Ponderosa, LLC, Gentile Euclid, LLC, Gentile Asset Management, LP, the Gentile Family Trust, the Gentile Dynasty Trust, Marcia L. Gentile, Marc A. Gentile, Leslie A. Gentile and Danielle A. Gentile.  Plaintiff Fifth Third Bank ("Fifth Third") is an Ohio banking corporation.  Defendant John C. Gentile ("Gentile") is a natural person residing in Arizona.

In 2003, Fifth Third entered into a loan agreement with an entity named 5725 Canal, LLC ("Canal").  Gentile together with another entity guaranteed the loan.  The guarantors "jointly and severally, and absolutely and unconditionally, guarant[eed] payment and performance, as and when due, of the Guaranteed Obligations."  These Guaranteed Obligations are defined in the Guaranty to include all indebtedness and other liabilities of Canal to Fifth Third including the 2003 loan.  The Guaranty further states it is "irrevocable, absolute, continuing and unconditional."

Canal defaulted on its obligations to Fifth Third and Fifth Third consequently brought suit against Canal in the Cuyahoga County Court of Common Pleas to collect on the loan. Fifth Third obtained a judgment and the state court ordered a sale of Canal's property securing the loan.  After the sale, a deficiency remained.  Fifth Third attempted to collect this deficiency from Gentile as Guarantor via demand letter sent May 17, 2007.  On November 7, 2007, Fifth Third obtained an order from the Court of Common Pleas determining the deficiency remaining with respect to the judgment entered against Canal to be $709,825.65 plus interest from November 1, 2007 at 12% per annum plus late charges, fees, costs and expenses of the state court action.  On January 8, 2008, plaintiff Fifth Third instituted the

2

current action.

Plaintiff's Second Amended Complaint alleges breach of the Guaranty Agreement by Gentile and multiple counts of fraudulent transfer by Gentile, Ponderosa, Euclid, the Family Trust, the Dynasty Trust, and Asset Management.

Plaintiff now moves for summary judgment against Gentile on its claim for breach of the Guaranty Agreement.  Plaintiff seeks an order awarding plaintiff "$709,825.65, plus interest from November 1, 2007 at 12% per annum, plus late charges and other fees including, but not limited to, reasonable attorney's fees, costs, and expenses of this action."  The motion is unopposed.

**STANDARD OF REVIEW**

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  A fact is material only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

3

nonmoving party:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 255); *see also United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).

Summary judgment is appropriate when a party who bears the burden of proof at trial fails to make a showing sufficient to establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). When the non-moving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 252). Moreover, if the evidence is "merely colorable" or is not "significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-50.

## **DISCUSSION**

To prove a breach of contract claim in Ohio, plaintiff must demonstrate the existence

of a contract, performance by plaintiff, breach by defendant and damages.  *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio App. 1994).[1]  Gentile admits and the Court finds that a contract exists between plaintiff and Gentile.  Answer of John C. Gentile to Second Amended Complaint ("Answer") at ¶ 20; *see also* Guaranty Agreement (Exhibit A to Second Amended Complaint); Gentile's Response to Request for Admission No. 1.  Gentile also admits and this Court finds that plaintiff met all of its obligations under the contract.  Answer at ¶ 19.

Gentile further admits that Canal defaulted on its loan obligations to Fifth Third, that Fifth Third obtained judgment against Canal and that Fifth Third has since demanded payment from Gentile.  Answer at ¶¶ 22, 24.  Gentile also admits and this Court finds that Gentile has failed to meet his obligations under the Guaranty Agreement.  Gentile's Response to Request for Admission No. 4 (admitting that he has made no payment under the Guaranty Agreement).  Finally, the Court finds that damages have arisen as a result of Gentile's failure to perform under the Guaranty Agreement.  *See* Court of Common Pleas Deficiency Judgment (Exhibit C to Second Amended Complaint).

Accordingly, this Court grants summary judgment to plaintiff on its claim for breach of the Guaranty Agreement against Gentile and awards the requested relief in full.

### **CONCLUSION**

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment is GRANTED.

---

[1] Plaintiff's claim for breach of the Guaranty Agreement is governed by Ohio law.  *CIT Group v. New GIFL*, 823 F.Supp.479-483-84 (N.D. Ohio 1993); Guaranty Agreement § 6.3.  A guaranty is treated as a contract under Ohio law.  *O'Brien v. Ravenswood Apts., Ltd.*, 862 N.E.2d 549, 555 (Ohio App. 2006).

IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Judge

Dated: 12/8/08